UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:19-CR-00087 |
| | ) | |
| | ) | (BRANN, D.J.) |
| | ) | |
| v. | ) | (ARBUCKLE, M.J.) |
| | ) | |
| NIGEL BROADUS, | ) | |
| Defendant | ) | |

MEMORANDUM OPINION
*Motion for Immediate Release from Detention, Doc. 29*

## I.    INTRODUCTION

On March 27, 2020, Defendant Nigel Broadus filed a Motion for Immediate Release from Detention requesting that he be released from pretrial detention pursuant to 18 U.S.C. § 3142. (Docs. 29). Along with his Motion, Mr. Broadus filed a Brief in Support. (Doc. 30). In his Motion and Brief, Mr. Broadus—who when he was indicted, and until February 2020, was serving a sentence on an unrelated conviction.  He argues that he should now be released pretrial on this pending criminal charge.

On March 30, 2020, I issued an Order establishing expedited briefing in this case. (Doc. 31). After being granted a brief extension of time, the Government filed a Response. (Doc. 34). This matter is now ripe for decision.

## II. BACKGROUND & PROCEDURAL HISTORY

On March 14, 2019, Mr. Broadus was charged in a one count Indictment with possessing contraband—specifically a sharpened piece of plastic—in prison on October 8, 2018, in violation of 18 U.S.C. § 1791(a)(2) and (b)(3). On April 11, 2019, Mr. Broadus appeared before me for an arraignment and pleaded not guilty. The Federal Public Defender's Office was appointed to represent Mr. Broadus. At the time the arraignment took place, Mr. Broadus was incarcerated in case number 2:17–CR–282 (W.D. Pa.), serving a sentence of 33 ½ months for controlled substance and weapons charges under 21 U.S.C. §§ 841 and 846. His projected release date was January 9, 2020. (Doc. 10). I ordered Mr. Broadus be detained on the possession of contraband charge because the issue of bail was moot while he was serving his sentence for the controlled substance and weapons charges.

By Order of April 12, 2019, Judge Brann originally scheduled jury selection and trial for June 3, 2019 and set the deadline for filing pretrial motions and briefs (Doc. 11). As detailed later, the trial has been continued a number of times at the Defendant's request. On or around February 2020, Mr. Broadus was released from federal custody for his drug/weapons case and is subject to a three-year period of supervised release in the Western District of Pennsylvania. Upon release from federal custody he was placed in pretrial detention in Columbia County Jail on the possession of contraband charge. It is from this detention that he seeks bail.

Mr. Broadus is not charged with an offense that would give rise to a rebuttable presumption under 18 U.S.C. § 3142(e), so immediate release on personal recognizance may be appropriate in this case. Mr. Broadus seeks release pursuant to either 18 U.S.C. § 3142(b) or (c) (Doc. 29, p. 3). The government opposes his release arguing that he is both a flight risk and a danger to the community (Doc. 34).

III.    STANDARD OF REVIEW

This Court has continuing jurisdiction to review its own bail decisions. Bail was initially denied as moot because Broadus was serving a sentence on unrelated charges. He did not oppose detention at that time. (Doc. 10, p. 3) In this case the Request for Reconsideration is made under 28 U.S.C. §3142(b) which states in relevant part:

> (b) Release on personal recognizance or unsecured appearance bond.**-- The judicial officer shall order the pretrial release** of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court, subject to the condition that the person not commit a Federal, State, or local crime during the period of release … **unless the judicial officer determines** that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.

18 U.S.C. § 3142(b) (emphasis added).

When evaluating whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning: (1) the nature and circumstances of the offense charged, including

whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person (physical and mental condition, family ties, employment, financial resources, community ties, past conduct, etc.); and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). Furthermore, this case cannot be decided in a vacuum. Therefore, I must also consider the impact of the COVID-19 pandemic on what is otherwise a routine bail decision.

## IV.  DISCUSSION

Mr. Broadus argues that he is entitled to release because that the current offense he is charged with does not invoke a presumption of detention under 18 U.S.C. § 3142(e) and his prior record does not prohibit bail under 18 U.S.C. § 3142 (f)(1) and (2). (Doc. 29, ¶¶ 13, 16).

In response, the government argues that, considering the factors under 18 U.S.C. § 3142(g): (1) there is no condition or combination of conditions that could reasonably assure Mr. Broadus' appearance as required; and (2) Mr. Broadus' release will endanger the safety of the community.

### A.  WHETHER MR. BROADUS IS A FLIGHT RISK

In support of its position that no condition of release would assure Mr. Broadus' appearance (i.e., that Mr. Broadus is a "flight risk"), the government points

out that "defendant had a warrant issued or otherwise violated parole in every instance that he was arrested" and "actually attempted to flee from law enforcement" in 2013. (Doc. 34, pp. 3-4). That "attempt to flee" was a car chase resulting in a wreck and brief foot chase. Mr. Broadus has lived his entire life in Pittsburgh, Pennsylvania except when he was incarcerated. Although these facts suggest that Mr. Broadus is a very poor supervision risk, they do not establish that he is a flight risk.

### B.    WHETHER MR. BROADUS IS A DANGER TO THE COMMUNITY

As noted by the government in its brief, the nature of the offense in this case involves possession of a weapon. Mr. Broadus was charged with possession of a homemade sharpened piece of plastic, commonly referred to as a "shank" that was designed and intended to be used as a weapon. The government provided the following summary of the incident leading up to the criminal charge:

> On October 8, 2018, at approximately 3:15 pm, while conducting rounds on D-Range, Special Unit Housing staff observed inmate Broadus, Nigel . . ., had covered his window and barricaded himself in the shower of cell 227. . . . During this time inmate Broadus could not be observed and there was no movement coming from behind the barricaded shower. Staff gave inmate Broadus numerous verbal commands to move or show signs of life, with negative results. Due to staff's inability to assess inmate Broadus, staff made entry into the cell utilizing the riot shield. Inmate Broadus then became assaultive towards responding staff and attempted to stab the responding staff with a home-made plastic weapon sharpened to a point.

(Doc. 34, p. 4).

However, as Mr. Broadus points out, Mr. Broadus was only charged with possession of contraband, a charge which may not fit within the definition of a crime of violence. (Doc. 30, p. 4).

Next, the government points out that the evidence supporting the possession of contraband charge is significant because: (1) Mr. Broadus was observed by staff in direct possession of the weapon; and (2) the weapon was recovered from Mr. Broadus' cell. (Doc. 34, p. 5). Accepting the proffered narrative as true, I agree.

Last, Mr. Broadus' history of past conduct, both inside and outside of prison weighs in favor of detention. As noted in the government's brief:

> Broadus's criminal history began at the age of 14 with the first of 5 gun-related convictions. Since that initial juvenile adjudication, Broadus has been under continuous supervision of the courts. He has absconded. He has violated probation. He has violated parole. Nigel Broadus, each time he has been given the benefit of the doubt by a court, has taken the opportunity to commit another criminal offense.

> Notably, after being arrested in March of 2015 for illegal possession of a firearm, he was granted bail. He used that opportunity to gain possession of another firearm that he illegally possessed on June 24, 2015. He pleaded guilty to those offenses in 2016. Once paroled, he was arrested again in April of 2017. Once again, he was found to be in possession of a firearm. This time, he was also in possession of heroin intended for delivery.

> The instance offense, committed while in federal prison, is just another example of the defendant's unwillingness to abide by the law. See 18 U.S.C. § 3142(g)(3)(A)-(B).

(Doc. 34, pp. 5-6). Mr. Broadus has been found to be in illegal possession of a firearm five times." (Doc. 34, p. 6). During his most recent period of incarceration, he was charged with six infractions that include fighting with inmates or assaulting staff. (Doc. 34, Exhibit A). His record of rules violations while in prison is ten pages long. *Id.* Those infractions are in addition to the current possession of contraband— in this case a weapon—charge. The government argues that: "[a]n individual who so frequently possesses illegal weapons when free, and when incarcerated, so frequently threatens and assaults corrections officers and fellow inmates poses a grave risk to members of the general public. *See* 18 U.S.C. § 3142(g)(4)." (Doc. 34, p. 7).

Mr. Broadus is 24 years old and has never had verifiable employment. (PSI at Docket 0315 2:17CR00282-001 at p. 21). He does have a history of theft and drug sales. In his motion for bail Mr. Broadus indicates that he will seek employment thru Career Link, a process he has already started (Doc. 29, ¶17). Given the current state of the economy during the COVID-19 pandemic, success at finding employment is unlikely. According to his financial affidavit (Doc. 8) he has no assets, investments, or savings. There is nothing else in this record to indicate how Mr. Broadus will support himself if released.

Mr. Broadus indicates that, if released, he will reside with his mother and brother in Pittsburgh. According to the Proposed Release Residence Investigation

and Assessment provided to the Court and Counsel on April 3, 2020, Mr. Broadus' brother was born in 1969 and has an extensive felony criminal record starting in 1990, that includes, drug, weapons and assault, with the latest offenses (drugs, terroristic threats, and simple assault) occurring in 2007

Mr. Broadus' record clearly indicates that he is a danger to the community.

C.    IMPACT OF COVID-19 ON BAIL DECISION

The question presented by this motion requires an analysis of the Bail Reform Act under pandemic/emergency conditions pursuant to 18 U.S.C. § 3142(i) although not specifically requested in Mr. Broadus' Motion. *See Thakker v. Doll*, 1:20-cv-0480 (M.D. Pa. March 31, 2020) (releasing fourteen civil immigration detainees based on the Covid-19 pandemic). Section 3142(i) of Title 18 of the United States Code provides, in relevant part that:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

The language of the *Thakker* case is strong and persuasive in the civil detention context. However, to apply this reasoning to prisons and jails across the board in all criminal cases is a much different matter. This is a decision about bail during a pandemic. Thus, in addition to the factors considered in section IV. A and B of this

Opinion, I will also address the circumstances unique to bail decisions during the COVID-19 pandemic.

I agree with the Courts that have held that a defendant is not entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation. *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895 *3 (D. Kan., Mar. 25, 2020). While the court remains sympathetic to the generalized risk regarding the possible complications caused by the COVID-19 virus "[s]uch speculation does not constitute a 'compelling reason' for temporary release." *United States v. Loveings*, Cr. No. 20-51, 2020 WL 1501859 *3 (W.D. Pa. Mar. 30, 2020).

Mr. Broadus has not alleged any special health concerns. He is twenty-four years old with no known health conditions. The Court is not aware of any federal detainee diagnosed with COVID-19 at Columbia County Prison, where Mr. Broadus is currently held. *See* Standing Order 20-5 (requiring each detention center to promptly notify the U.S. Marshal of any federal detainee in medical isolation or quarantine).

Based on the evidence on the public record at this time, there are no confirmed cases of Covid-19 in the Columbia County prison. As of April 5, 2020, at 1:45 p.m. in Columbia County where the prison is located there are 22 confirmed corona virus

cases and no deaths.[1]  While these numbers are not guaranteed into the future, they do not suggest an immediate and unavoidable risk.  However, in Allegheny County, where Broadus plans to return if released there are 605 confirmed corona virus cases and four deaths.[2]

 The bail motion indicates that release is "necessary to permit him to consult with counsel and adequately prepare for trial." (Doc. 29, ¶ 22).  There is nothing in this record to indicate how that will be accomplished in the current climate.

All live "in court proceedings" in the Middle District of Pennsylvania have been stayed from March 16, 2020 to at least April 30, 2020. Standing Order 20-01. Mr. Broadus has indicated that he expects to go to trial and his counsel estimates that trial may not take place for six months. (Doc. 29, ¶ 10).[3]

According to the indictment, this offense took place on October 8, 2018, Mr. Broadus was indicted on March 14, 2019, and his first trial listing was for June 3, 2019. (Doc. 11).  His trial was rescheduled to September 9, 2019 (Doc. 16); and then to December 2, 2019 (Doc. 18); and then to February 3, 2020 (Doc. 20); and then to

---

[1] https://www.pa.gov/guides/responding-to-covid-19/#CasesinPennsylvania (last accessed April 5, 2020 at 3:40 p.m.)
[2] https://www.pa.gov/guides/responding-to-covid-19/#CasesinPennsylvania (last accessed April 5, 2020 at 3:40 p.m.)

[3] Based on my understanding of the Court's trial schedule and the backlog that will be created by the Covid-19 Pandemic, it is possible that this case will not be tried in 2020.

March 2, 2020 (Doc. 24); and then to April 6, 2020 (Doc. 26); and then to July 6, 2020 (Doc. 28), all at his request. I do not question the necessity for these continuances or Counsel's judgment in seeking them. I simply note that the question of bail would not have arisen if the trial had gone forward while he was still serving his federal sentence. At the time of his initial appearance and arraignment on April 11, 2019 I notified Mr. Broadus that any sentence that he received on this case, if convicted, is required to run consecutive to the sentence he was currently serving.

Mr. Broadus is facing a maximum penalty of five years. 18 U.S.C. §1791(a)(2) and (b)(3). There is no calculation of his guideline range in this record, however, in the drug and gun case that he was serving at the time of this offense, his criminal history score was 12, resulting in a criminal history category of V. (Presentence Investigation Report dated March 7, 2018, Docket 0315 2:17CR002820001 at p. 16.). That Report also indicates that Mr. Broadus was in violation of his state probation and parole and that his probation term was not set to expire until May 26, 2023. The Report indicates that the Allegheny County Probation Department will move to revoke his county probation after completion of his federal sentence and that they have lodged two detainers on separate cases. *Id.* at pp. 1 and 15. There is nothing in this record to indicate the status of these two detainers.

## V. CONCLUSION

Nigel Broadus is not a flight risk. He has a long history of drug and firearms offenses. He has never had documented employment. His adjustment to supervision both in and out of custody has been poor. It appears there are two state detainers from Allegheny County for probation violations at CP-11192-2015 and CP-05222-2015. Under the current circumstances as outlined in this Memorandum, there are no conditions or combination of conditions that will assure the safety of the community. Accordingly, Mr. Broadus' Motion for Immediate Release (Doc. 29) should be DENIED.

An appropriate order shall issue.

Date: April 7, 2020

BY THE COURT

*s/William Arbuckle*
William Arbuckle
U.S. Magistrate Judge