# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:19-CR-00087 |
| v. | (Judge Brann) |
| NIGEL BROADUS, | |
| Defendant. | |

## MEMORANDUM OPINION

### MAY 8, 2020

Defendant Nigel Broadus is an inmate at Columbia County Jail seeking immediate pretrial release on bail in light of the current COVID-19 pandemic. On April 7, 2020, Magistrate Judge William I. Arbuckle denied Broadus's motion.[1] Magistrate Judge Arbuckle found that Broadus was a danger to the community but not a flight risk.[2] Broadus objects to Magistrate Judge Arbuckle's order on the ground that a detention hearing (as opposed to a conditions-of-release hearing) was improper under 18 U.S.C. § 3142(f) given the nature of the charge and the finding that Broadus was not a flight risk.

---

[1] Memorandum Opinion, Doc. 35; Order, Doc. 36.

[2] Memorandum Opinion at 12, Doc. 35.

I review the magistrate judge's opinion *de novo*.[3] Pretrial release is governed by 18 U.S.C. § 3142.[4] Under that statute, the judicial officer is required to release a defendant arrested for a federal offense on personal recognizance or an unsecured appearance bond,[5] set the least restrictive conditions necessary to ensure the defendant's appearance at all court proceedings,[6] or, on motion of the Government and a finding by the court of flight risk or danger to any person or the community, order the defendant detained without bond.[7] In determining whether there are conditions of release that will reasonably assure the appearance of the person and the safety of any other person and the community, the judicial officer must consider the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.[8]

Contra the magistrate judge's opinion, I conclude that the Government has presented clear and convincing evidence that Broadus poses a substantial risk of flight. Broadus has in the past repeatedly failed to appear when required,

---

[3] *United States v. Delker*, 757 F.2d 1390, 1395 (3d Cir. 1985); *see also United States v. Evans*, Criminal No. 17-207, 2018 WL 317958, at *1 (W.D. Pa. Jan. 8, 2018).

[4] Fed. R. Crim. P. 46(a).

[5] 18 U.S.C. § 3142(b).

[6] 18 U.S.C. § 3142(c).

[7] 18 U.S.C. § 3142(e).

[8] 18 U.S.C. § 3142(g).

necessitating the issuance of warrants. The most notable of these was when Broadus in 2013 actually attempted to flee from law enforcement in a high-speed car chase, in which Broadus struck a vehicle head-on and injured all three of its occupants, and a subsequent on-foot pursuit. The nature of the charged conduct in the indictment, well-supported by the evidence, describes a serious physical assault on prison staff and raises further concerns about his willingness to comply with instructions from authorities. Because of Broadus's consistent history, he poases a serious risk of flight, and pretrial detention is appropriate under § 3142(e). Magistrate Judge Arbuckle's analysis is otherwise sound, and I adopt his reasoning on the other issues he addresses.

    Because I find that Broadus poses a flight risk, Broadus's objection under § 3142(f) is moot. Under § 3142(f)(2), either the Government or the judicial officer may move for a detention hearing in a case that involves a serious risk that the defendant will flee. I find that the Government has established this risk here, and therefore that detention is appropriate under § 3142(e).

    Were Broadus not a flight risk, the outcome would be less certain. Section 3142(f) permits a detention hearing to be convened to determine whether the defendant poses a serious risk of flight or in cases involving serious crimes enumerated therein. However, once the hearing is convened, the language of that statute does not explicitly bar the judicial officer from considering the danger presented by the defendant recidivating in one of those enumerated crimes even

though they are not the charges brought in the instant indictment. Other circuits have held that the § 3142(f) conditions are prerequisites to an order of pretrial detention on the basis of danger to the community.[9] The United States Court of Appeals for the Third Circuit in *United States v. Himler*[10] held that § 3142 "authoriz[es] detention only upon proof of a likelihood of flight, a threatened obstruction of justice or a danger of recidivism in one or more of the crimes actually specified by the bail statute."[11] While this would be consistent with interpreting the conditions in § 3142(f) to be prerequisites, *Himler* does not so state directly.

As discussed above, there was at minimum a good-faith basis for convening a detention hearing regarding Broadus's flight risk. And, although the charge Broadus faces in this case is not enumerated, Magistrate Judge Arbuckle based his finding on recidivism risks that *are*—namely, felon-in-possession, drug trafficking, and violence. Whether that is sufficient or if, instead, the judicial officer must first conclude that a § 3142(f) condition is satisfied before considering the defendant's danger to the community appears to be an open question in this circuit. I do not reach this question here.

---

[9] *See United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992); *United States v. Ploof*, 851 F.2d 7, 11 (1st Cir. 1988).

[10] 797 F.2d 156 (3d Cir. 1986).

[11] *Id.* at 160.

- 5 -

For the reasons set forth above and those contained in Magistrate Judge Arbuckle's opinion, I find that pretrial detention is appropriate because Broadus is a flight risk and a danger to the community. Magistrate Judge Arbuckle's opinion is adopted as modified here, and Defendant Nigel Broadus's motion for reconsideration is denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge